FIRESTONE TIRE & RUBBER CO. v. SEBERLING.

(Circuit Court of Appeals, Sixth Circuit. October 13, 1916.)

No. 2954.

COURTS ⬦⇒356—RECORD ON APPEAL—TRANSCRIPT—RULES.

    General Equity Rule 75, cl. "b" (198 Fed. xl, 115 C. C. A. xl), provides that the testimony of witnesses shall be stated only in narrative form, save that if either party desires it, and the court or judge so directs, any part of the testimony shall be reproduced in the exact words of the witness. After a patent case had been heard in open court, the parties and the court, the trial having occupied several days, desired that the record might be printed for use by the trial court in considering and deciding the case and in such manner that a reprinting might be avoided on appeal. Accordingly, the parties stipulated that the record might be printed in the form of questions and answers, and in the form given in open court instead of narrative form, and that upon any appeal the record so prepared should be used, while the trial court entered an order in the same terms. The record as printed contained all the proceedings on the trial, including the arguments and comments of counsel, at length, and the details of testimony by fact witnesses. *Held* that, as the purpose of the rule is not only to lessen the cost of printing but to lessen the labor of the appellate court, the record as prepared, though authorized by the trial court, is not a compliance with the rule, for immaterial details might well have been omitted; but the point not having previously been raised, and the parties having acted in good faith, the record will be accepted.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. ⬦⇒356.]

---

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; John M. Killits, Judge.

Suit between the Firestone Tire & Rubber Company and Frank A. Seberling. There was a decree for the latter, and the former appeals. The attention of the court was directed to the record by the clerk. Record ordered received.

S. H. Tolles, of Cleveland, Ohio, and C. C. Linthicum and Amos C. Miller, both of Chicago, Ill., for appellant.

Wm. L. Day, of Cleveland, Ohio, and Robert F. Rogers and Rogers, Kennedy & Campbell, all of New York City, for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. After a patent case had been heard in open court, by a trial occupying several days, the parties and the court desired that the record might be printed for use by the trial court in considering and deciding the case, and in such manner that a reprinting might be avoided upon appeal to this court. Accordingly, the parties stipulated "that the record herein be printed in the form of question and answer, and in the form given in open court, instead of in narrative form, * * * and that upon any appeal taken in this cause the printed record so prepared shall be used"; and the court entered an order in the same terms. The printed record, so prepared, having been tendered for filing in this court, the clerk has brought to the attention of the court, pursuant to clause 1 of rule 19, the question whether such record complies with clause "b" of Supreme Court General Equity Rule 75 (198 Fed. xl, 115 C. C. A. xl).

This rule provides that testimony of witnesses shall be stated only in narrative form, "save that if either party desires it, and the court or judge so directs, any part of the testimony shall be reproduced in the exact words of the witness." This provision was in aid of at least two purposes: To lessen the cost of printing, and to save the time of the appellate court. It does not undertake to fix or limit the grounds upon which the trial judge may direct reproduction in the exact words of the witness; nor is it necessary here to decide how far, if at all, it permits the judge to be moved by the advantage of having the record printed for his use and saving to the parties the cost of double printing; but an inspection of the record here tendered shows that the parties went beyond what can be allowed, under the most liberal construction. They have printed all the proceedings on the trial, including the arguments and comments of counsel, at length, and have included the details of testimony by fact witnesses to an extent which we cannot suppose the court purposefully required. We think the rule does not contemplate such a blanket direction as is found here, when that direction comes to be interpreted by the application of it which the parties have made. If the record is to be printed for use in argument before the trial court, there seems to be no reason why the parties cannot very considerably condense the typewritten transcript and eliminate immaterial matters, even

though there might not be as much condensation as if the work were done after the decree. Indeed, immediately after the taking of testimony, and in preparation for the argument, if there is an interval for preparation, counsel are likely to be best prepared to arrange and condense the record, and with the least burden to themselves. Cases in which the appeal brings up less than the whole decree and eliminates matters which upon the argument below are thought material are not usual.

It results that we cannot sanction the preparation of transcripts on appeal or records like the present one; but since the course adopted in this case was no doubt taken in good faith and had the approval of the court below, and the rule has not before been interpreted in this respect, we will accept this record.